**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

CESAR HERNANDEZ,

    Plaintiff,

v.

WAKEFIELD & ASSOCIATES, LLC,
a Foreign Limited Liability Company,
and INPHYNET CONTRACTING
SERVICES LLC, a domestic limited
liability company,

    Defendants.

Case No. 8:24-CV-00897-WFJ-NHA

## ORDER OF PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

WHEREAS, this Court has been advised that the parties to this action, Cesar Hernandez ("Plaintiff" or "Class Representative"), Wakefield & Associates LLC ("Wakefield"), and Inphynet Contracting Services ("Inphynet") (collectively, "Defendants"), through their respective counsel, have agreed, subject to Court approval following class notice and a hearing, to settle the above-captioned lawsuit ("Lawsuit") upon the terms and conditions set forth in the Class Action Settlement Agreement ("Settlement Agreement"), which has been filed with the Court, and the Court deeming that the definitions set forth in the Settlement Agreement are hereby

incorporated by reference herein (with capitalized terms as set forth in the Settlement Agreement);

NOW, THEREFORE, based upon the Settlement Agreement and all of the files, records, and proceedings herein, and it appearing to this Court that, upon preliminary examination, the proposed settlement appears fair, reasonable, and adequate, and that a hearing should and will be held on **Friday, May 30, 2025**, after notice to the Class Members, to finally determine whether the proposed settlement is fair, reasonable, and adequate, and to determine whether a Final Approval Order should be entered in this Lawsuit:

IT IS HEREBY ORDERED:

This Court has jurisdiction over the subject matter of the Lawsuit and over all settling parties hereto.

Pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure, the Lawsuit is hereby preliminarily certified, for settlement purposes only, as a class action on behalf of the following Class (and Interest Sub-Class) of plaintiffs with respect to the claims asserted in the Lawsuit:

> **The Class:** All consumers residing in the State of Florida who were mailed at least one collection letter from Defendant Wakefield regarding a past due medical debt owed to Defendant Inphynet, which sought an additional interest charge in excess of the principal balance from two (2) years before the filing of the operative complaint until September 19, 2024.
>
> **The Interest Sub-Class**: Those 62 individuals within the Class defined above who paid Defendant Wakefield an amount in excess of the principal balance of the debt.

Defendants represents that there are approximately 11,173 potential members of the Class, including Plaintiff, and 62 potential members of the Interest Sub-Class.

Pursuant to Rule 23, the Court appoints Cesar Hernandez as the Class Representative for the Class and Interest Sub-Class. The Court also appoints Joshua R. Jacobson of Jacobson Phillips PLLC, and Aaron Swift and Jordan Isringhaus of Swift Law, PLLC, as Class Counsel for both classes.

This Court preliminarily finds that the Lawsuit satisfies the applicable prerequisites for class action treatment, namely:

A. The Class Members are so numerous that joinder of all of them in the Lawsuit is impracticable;

B. There are questions of law and fact common to the class, which predominate over any individual questions;

C. The claims of the Plaintiff are typical of the claims of the members of the class;

D. Plaintiff and Class Counsel have fairly and adequately represented and protected the interests of all Class Members; and

E. Class treatment of these claims will be efficient and manageable, thereby achieving an appreciable measure of judicial economy, and a class action is superior to other available methods for a fair and efficient adjudication of this controversy.

*Denning v. Mankin Law Grp., P.A.*, No. 8:21-cv-2822-MSS-MRM, 2022 WL 16956527, at *1–*2 (M.D. Fla. Nov. 15, 2022) (certifying for settlement purposes class and

subclass under the Fair Debt Collection Practices Act ("FDCPA") and Florida Consumer Collection Practices Act ("FCCPA")).

This Court preliminarily finds that the settlement of the Lawsuit, on the terms and conditions set forth in the Settlement Agreement is in all respects fundamentally fair, reasonable, adequate, and in the best interest of the Class Members, especially in light of (i) the benefits to the Class Members; (ii) the strengths and weaknesses of Plaintiff's case compared to the terms of the proposed settlement; (iii) the anticipated duration, complexity, and expense of additional litigation; (iv) the risk and delay inherent in such additional litigation and possible appeals; (v) the limited amount of any potential total recovery for the class, given the cap on statutory damages for claims brought pursuant to the FDCPA and FCCPA; and (vi) the opinion of Class Counsel, who are highly experienced in this area.

A third-party class administrator acceptable to the parties will administer the settlement and notification to Class Members. The class administrator will be responsible for mailing the approved class action notice and settlement checks to the Class Members. The costs of administration will be paid by Defendants separate and apart from the settlement fund. Upon the recommendation of the parties, this Court hereby appoints the following class administrator: Atticus Administration LLC. *See, e.g., Evans v. Intertape Polymer Corp.*, No. 8:23-cv-01042-KKM-AAS, 2024 U.S. Dist. LEXIS 212152, at *14 (M.D. Fla. Nov. 20, 2024) (appointing Atticus to administer class action settlement).

This Court approves the form and substance of the direct mail class notice, attached to the Jacobson Declaration as Exhibit B. The proposed form and method for notifying the Class Members of the settlement and its terms and conditions meet the requirements of Rule 23(c)(2)(B) and due process, constitute the best notice practicable under the circumstances, and constitute due and sufficient notice to all persons and entities entitled to the notice. *See Family Med. Pharmacy, LLC v. Trxade Grp., Inc.*, No. 15-0590, 2016 WL 6573981, at *9 (S.D. Ala. Nov. 4, 2016) ("The Notice contains a summary of the class action settlement and directs the recipient to the website, the toll free number, or an address for the Settlement Administrator to obtain a copy of the Settlement Agreement and release as well as other information….Accordingly, the Court finds that the email notice, post card notice, and other forms of class notice are reasonable, adequate and sufficient notice to the class members and meet the requirements of due process.").

This Court finds that the proposed notice is clearly designed to advise the Class Members of their rights. In accordance with the Settlement Agreement, the class administrator will mail the notice to the Class Members as expeditiously as possible, but in no event later than 21 days after the Court's entry of this order, i.e., **no later than February 28, 2025**. The class administrator will confirm and, if necessary, update the addresses for the Class Members through the standard methodology that the class administrator currently uses to update addresses.

Plaintiff's petition for an award of attorneys' fees and reimbursement of costs and expenses must be filed with the Court no later than 30 days after the Court's entry of this order, i.e., **no later than March 10, 2025**.

Any Class Member who desires to be excluded from the class must send a written request for exclusion to the class administrator with a postmark date no later than 60 days after the Court's entry of this order, i.e., **no later than April 8, 2025**. To be effective, the written request for exclusion must state the Class Member's full name, address, telephone number, and email address (if available), include a statement that the Class Member wishes to be excluded, and be signed by the Class Member. No request for exclusion will be valid unless all of the information described above is included. Any Class Member who submits a valid and timely request for exclusion will not be bound by the terms of the Settlement Agreement.

No Class Member, or any person acting on behalf of or in concert or participation with any Class Member, may exclude any other Class Member from either class. A Class Member may exclude himself or herself on an individual basis only. "Mass" or "class" exclusion requests, whether submitted by third parties on behalf of a "mass" or "class" of Class Members or by multiple Class Members, where no personal statement has been signed by each individual Class Member, are not allowed.

Any Class Member who intends to object to the fairness of this settlement must file a written objection with the Court within 60 days after the Court's entry of this

order, i.e., **no later than April 8, 2025**. Further, any such Class Member must, within the same time period, provide a copy of the written objection to Class Counsel, attention: Joshua R. Jacobson, Jacobson Phillips PLLC, 478 E. Altamonte Dr., Ste. 108-570, Altamonte Springs, FL 32701; and to counsel for Defendant Wakefield, Skip Kohlmyer, Zimmerman Kiser Sutcliffe, 315 E. Robinson St., #600, and counsel for Defendant Inphynet, Nina Welch, Nelson Mullins Riley & Scarborough LLP, 100 S.E. 3rd Ave., Ste. 2700, Fort Lauderdale, FL 33394.

To be effective, the objection must:

(a) Contain a heading which includes the name of the case and case number;

(b) Provide the name, address, telephone number, and email address (if available) of the Class Member filing the objection;

(c) Be filed with the Clerk of the Court no later than 60 days after entry of this order;

(d) Be sent to Class Counsel and counsel for Defendant at the addresses above by first-class mail, postmarked no later than 60 after entry of this order;

(e) Contain the name, address, bar number, and telephone number of the objecting Class Member's counsel, if represented by an attorney, as well as a statement whether he or she intends to appear at the fairness hearing on his or her own behalf or through counsel. If the Class Member is represented by an attorney, he/she must comply with all applicable laws and rules for filing pleadings and documents in the United States District Court for the Middle District of Florida;

 (f) Contain a statement of the specific basis for each objection, and provide evidence that the objector is a member of his or her applicable class(es);

 (g) Include the signature of the objecting Class Member; and

 (h) State whether the Class Member intends to speak at the final fairness hearing.

Any Class Member who has timely filed an objection and notified the Court of his or her intent to speak at the final fairness hearing may appear at the final fairness hearing, in person or by counsel, to be heard to the extent allowed by the Court, applying applicable law, in opposition to the fairness, reasonableness and adequacy of the proposed settlement, and on the application for an award of attorneys' fees, costs, and expenses.

Any objection that includes a request for exclusion will be treated as an exclusion.

If the Court grants final approval to the settlement, the class administrator will mail a settlement check to each Class Member who submitted a timely claim and did not exclude himself or herself. Each participating Class Member will receive a pro-rata portion of the $87,500 Settlement Fund. Each member of the Interest Sub-Class will automatically receive a claim payment for the interest paid (as actual damages) and will also receive a pro-rata portion of the $87,500 Settlement Fund.

Additionally, Defendant will pay to the Class Representative $3,000 in statutory damages pursuant to the FDCPA, 15 U.S.C. § 1692k(a)(2)(B)(i).

8

The Court will conduct a final fairness hearing on **Friday, May 30, 2025, at 10:00 a.m.** at the Sam M. Gibbons U.S. Courthouse, 801 N. Florida Ave., Courtroom 15B, Tampa, FL 33602, to review and rule upon the following issues:

(a) Whether this action satisfies the applicable prerequisites for class action treatment for settlement purposes under Rule 23;

(b) Whether the proposed settlement is fundamentally fair, reasonable, adequate, and in the best interest of the Class Members and should be approved by the Court;

(c) Whether a Final Approval Order, as provided under the Settlement Agreement, should be entered, dismissing the Lawsuit with prejudice and releasing the Released Claims against the Released Parties; and

(d) To discuss and review other issues as the Court deems appropriate.

Attendance by Class Members at the final fairness hearing is not necessary. Class Members need not appear at the hearing or take any other action to indicate their approval of the proposed class action settlement. Class Members wishing to be heard are, however, required to appear at the final fairness hearing. The final fairness hearing may be postponed, adjourned, transferred, or continued without further notice to the Class Members.

Submissions by the Parties in support of the settlement, including memoranda in support of final approval of the proposed settlement, and responses to any objections, must be filed with the Court no later than 28 days prior to the final fairness hearing, i.e., **no later than May 2, 2025**. Opposition briefs to any of

the foregoing must be filed no later than 14 days prior to the final fairness hearing, i.e., **no later than May 16, 2025**. Reply briefs to any of the foregoing must be filed no later than 7 days prior to the final fairness hearing, i.e., **no later than May 23, 2025**.

This Order will be null and void if any of the following occur:

(a) Any specified material condition to the settlement set forth in the Settlement Agreement is not satisfied and the satisfaction of such condition is not waived in writing by the Parties; or

(b) The Court approves the Settlement Agreement, including any amendment thereto approved by the Parties, but such approval is reversed on appeal and such reversal becomes final by lapse of time or otherwise.

The events described above, however, provide grounds for terminating the Settlement Agreement only after the Parties have attempted and completed good faith negotiations to salvage the settlement but were unable to do so.

If the Settlement Agreement and/or this order are voided, then the Settlement Agreement will be of no force and effect, and the Parties' rights and defenses will be restored, without prejudice, to their respective positions as if the Settlement Agreement had never been executed and this order never entered.

The Court retains continuing and exclusive jurisdiction over the action to consider all further matters arising out of or connected with the settlement, including the administration and enforcement of the Settlement Agreement.

The Court sets the following schedule:

| Date | Event |
|---|---|
| February 7, 2025 | Preliminary Approval Order Entered |
| February 28, 2025 | Direct Mail Class Notice Sent (21 days after Preliminary Approval Order entered) |
| March 10, 2025 | Filing of Class Counsel's Petition for Attorneys' Fees, Costs, and Expenses (30 days after entry of Preliminary Approval Order) |
| April 8, 2025 | Deadline to Send Exclusion or File Objection (60 days after entry of Preliminary Approval Order) |
| May 16, 2025 | Opposition, if any, to Final Approval (14 days before final fairness hearing) |
| May 23, 2025 | Reply, if any, to Final Approval (7 days before final fairness hearing) |
| May 30, 2025 | Final Fairness Hearing Held (at least 110 days after Preliminary Approval Order Entered) |

IT IS SO ORDERED.

Dated: February 7, 2025

_____
WILLIAM F. JUNG
UNITED STATES DISTRICT JUDGE

11