**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

CESAR HERNANDEZ,

Plaintiff,

v. Case No. 8:24-cv-897-WFJ-NHA

WAKEFIELD & ASSOCIATES, LLC,
a Foreign Limited Liability Company,
and INPHYNET CONTRACTING
SERVICES LLC, a domestic limited
liability company,

Defendants.

_______________________________

**ORDER OF FINAL APPROVAL OF CLASS ACTION SETTLEMENT**

THIS CAUSE is before the Court on Plaintiff Cesar Hernandez's ("Plaintiff" or "Class Representative")'s Unopposed Motion for Final Approval of Class Action Settlement, filed May 2, 2025. Doc. 53. The Court has carefully considered the Motion and is otherwise fully advised in the premises. The Court held a Fairness Hearing on the Motion on May 30, 2025.

Accordingly, it is hereby **ORDERED AND ADJUDGED** that the Motion (Doc. 53) is hereby **GRANTED** as follows:

On April 12, 2024, Plaintiff filed a class action complaint (hereinafter referred to as the "Lawsuit") against Wakefield & Associates, LLC ("Wakefield"), and

Inphynet Contracting Services, LLC ("Inphynet") (collectively, "Defendants") in the U.S. District Court for the Middle District of Florida, Case No. 8:24-cv-897-WFJ-NHA, asserting putative class claims arising under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, and Florida's Consumer Collection Practices Act ("FCCPA"), Fla. Stat. § 559.55 *et seq.*

Defendants have denied any and all liability alleged in the Lawsuit.

On January 13, 2025, after weeks of arms-length negotiations, Plaintiff and Defendants (hereinafter jointly referred to as the "Parties") entered into a written Class Action Settlement Agreement (the "Agreement"), which is subject to review under Rule 23 of the Federal Rules of Civil Procedure.

On February 4, 2025, Plaintiff filed the Settlement Agreement alongside his unopposed motion to preliminarily approve the Parties' proposed class settlement. (Doc. 46).

On February 7, 2025, upon consideration of Plaintiff's unopposed motion, this Court entered an order preliminarily approving the Parties' class settlement, notice to Class Members by the form and method prescribed in the Settlement Agreement, and setting a date and time for the final fairness hearing. (Doc. 47).

On February 28, 2025, Atticus Administration, LLC, the Court-approved class administrator, distributed notice of the Parties' proposed class settlement, as ordered.

On March 10, 2025, Plaintiff filed his unopposed motion for approval of an award of attorneys' fees, costs, and litigation expenses.

On April 4, 2025, the Court granted Plaintiff's motion for approval of an award of attorneys' fees, costs, and litigation expenses in a paperless order.

On May 2, 2025, Plaintiff filed his unopposed motion to confirm certification of the settlement class under Rule 23(b)(3) and finally approve the Parties' proposed settlement.

On May 30, 2025, pursuant to Rule 23, this Court held a fairness hearing to determine whether the claims asserted in the Lawsuit satisfy the applicable prerequisites for class action treatment and whether the proposed settlement is fundamentally fair, reasonable, adequate, and in the best interest of the Class Members and should be approved by the Court. Having considered the Agreement, Plaintiff's unopposed motions, and the record of these proceedings, this Court finally approves the proposed settlement and uses capitalized terms as defined in the Agreement.

**IT IS HEREBY ORDERED:**

This Court has jurisdiction over the subject matter of the Lawsuit and over the Parties thereto.

This Court confirms its certification of the following class and sub-class, for settlement purposes, under Rule 23(b)(3):

> **The Class**: All consumers residing in the State of Florida who were mailed at least one collection letter from Defendant Wakefield regarding a past due medical debt owed to Defendant Inphynet, which sought an additional interest charge in excess of the principal balance from two (2) years before the filing of the operative complaint until September 19, 2024.

> **The Interest Sub-Class**: Those individuals within the Class defined above who paid Defendant Wakefield an amount in excess of the principal balance of the debt.

This Court finds that this matter meets the applicable prerequisites for class action treatment under Rule 23, namely:

(1) The members of the class are so numerous that joinder of all of them is impracticable;

(2) There are questions of law and fact common to all Class Members, which predominate over any individual questions;

(3) Plaintiff's claims are typical of the Class Members' claims;

(4) Plaintiff and class counsel have fairly and adequately represented and protected the interests of all Class Members; and

(5) Class treatment of Plaintiff's claims will be efficient and manageable, thereby achieving an appreciable measure of judicial economy, and a class action is superior to other available methods for a fair and efficient adjudication of this controversy.

*Denning v. Mankin Law Grp., P.A.*, No. 21-2285, 2022 WL 16956527, at *1-2 (M.D. Fla. Nov. 15, 2022) (certifying settlement classes under the FDCPA and FCCPA); *Johnston v. Kass Shuler, P.A.*, No. 16-3390, 2017 WL 1231070, at *1 (M.D. Fla. Mar. 29, 2017) (same for FDCPA).

Pursuant to Rule 23(a)(4), this Court also confirms its appointment of Cesar Hernandez as class representative for the Class and Interest Sub-Class. The Court also confirms its appointment of Joshua R. Jacobson of Jacobson Phillips PLLC, and Aaron Swift and Jordan Isringhaus of Swift Law, PLLC, as class counsel for the Class and Interest Sub-Class.

This Court approves the terms of the Parties' settlement, the material terms of which include, but are not limited to:

(1) Defendant Wakefield will create a non-reversionary class settlement fund in the amount of $87,500 pursuant to 15 U.S.C. § 1692k(a)(2)(B)(ii), which will be distributed on a pro-rata basis to all Settlement Class Members who submit a timely claim;

(2) Defendant Wakefield separately will pay to Plaintiff $3,000 pursuant to the FDCPA (15 U.S.C. § 1692k(a)(2)(B)(i)) and FCCPA (Fla. Stat. § 559.77(2));

(3) Defendants will forgive all interest included on Settlement Class Members' accounts (the total amount of interest forgiven is approximately $1,013,000.00);

(4) Defendant Wakefield will automatically refund all members of the Interest Sub-Class any interest amounts paid;

(5) Defendants will pay all costs of class notice and administration of the settlement separate and apart from any monies paid to Plaintiff, Class Members, or class counsel;

(6) Defendants agreed to pay also will pay—separate from the above amounts—Plaintiff's counsel's reasonable attorneys' fees, costs, and expenses as awarded by the Court; and

(7) Defendant Wakefield will cease the collection of prejudgment interest on consumer debts absent an express contractual or statutory basis.

This Court finds that the Parties' notice of class action settlement, and the direct mail distribution thereof, was in conformity with this Court's preliminary approval order, satisfied the requirements of due process and Rule 23(e), and was the best practicable notice under the circumstances.

This Court similarly finds that the Parties' notice of class action settlement was adequate and clearly designed to advise the Class Members of their rights. Further, the notice gave all class members sufficient information to enable them to make informed decisions as to the Parties' proposed settlement, and Class Members' right to object to, or opt out of, it.

This Court additionally finds that the Parties' settlement, on the terms and conditions set forth in their Agreement, is in all respects fundamentally fair, reasonable, adequate, and in the best interests of the Class Members. The Settlement Fund of $87,500, automatic interest refunds, and approximately $1,013,000.00 in interest forgiveness is an excellent result considering (1) the significant monetary benefits to the Class Members, as well as the prospective relief afforded all consumers by way of Defendant's changed collection practices; (2) the strengths and weaknesses of Plaintiff's case on the merits and on the propriety of class certification; (3) the anticipated duration, complexity, and expense of additional litigation, including contested class certification and summary judgment motion practice, plus potentially trial and appeals thereafter; (4) the risk and delay inherent in such additional litigation and possible appeals, including the risks of establishing damages given the permissive nature of statutory damages under the FDCPA and FCCPA; (5) the limited amount of any potential total recovery for the class, given the cap on statutory damages for claims brought pursuant to the FDCPA and FCCPA; and (6) the opinion of class counsel, who are highly experienced in this area of consumer protection class action litigation.

This Court finds that the class members were given a fair and reasonable opportunity to object to the settlement. No class members objected to the settlement. No class members made valid and timely requests for exclusion.

This order thus is binding on all Class Members.

This Court approves the releases set forth in the Agreement. The released claims are consequently compromised, settled, released, discharged, and dismissed with prejudice by virtue of these proceedings and this order.

The Court approves the payment of $3,000.00 to Plaintiff in individual statutory damages under the FDCPA and FCCPA. This payment is to be made by Defendant separate and apart from the Settlement Fund and Plaintiff's pro-rata share of the same. Defendant's payment of Plaintiff's individual damages will not diminish Class Members' recoveries from the Settlement Fund.

The Court reconfirms its Order granting Plaintiff's Unopposed Motion for Attorneys' Fees, Costs, and Expenses. (Docs. 51–52). The Court reconfirms as reasonable the agreed award of attorneys' fees and expenses in the total amount of $75,000.00.

Defendants shall issue payment for the amounts approved herein in the manner set forth in the Agreement.

The Lawsuit is **DISMISSED WITH PREJUDICE** as to all other issues and as to all parties and claims. The Clerk is **DIRECTED** to **CLOSE** this case.

This Court retains continuing and exclusive jurisdiction over the Parties and all matters relating to this matter, including the administration, interpretation, construction, effectuation, enforcement, and consummation of the settlement and this order.

**IT IS SO ORDERED.**

Dated: May 30, 2025

WILLIAM F. JUNG
UNITED STATES DISTRICT JUDGE